PARK & POLLARD CO. v. KELLERSTRASS et al.

(Circuit Court, W. D. Missouri, W. D.   June 3, 1910.)

COPYRIGHTS (§ 85*)—INFRINGEMENT—INJUNCTION.

Where a publication by defendant contains matter which infringes a copyright of complainant intermingled with other matter which does not, the entire publication may be enjoined, leaving it to defendant to apply for a modification of the injunction after he has eliminated the objectionable matter.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. § 85.*]

In Equity. Suit by the Park & Pollard Company against Ernest Kellerstrass and the Fidelity Printing Company. On motion for preliminary injunction. Motion granted.

Alfred B. White, Inghram D. Hook, and Arthur H. Morse, for complainant.

Warner, Dean, McLeod & Timmonds, for defendants.

PHILIPS, District Judge. This is a bill in equity praying for a temporary and permanent injunction against the defendants from printing, publishing, advertising, and distributing, either by mail or gift, certain books or pamphlets entitled "The Kellerstrass Way of Raising Poultry." The one marked "Exhibit E" was published in 1909, and the other, "Exhibit F," was published in 1910. The complainant, a corporation, for many years had been engaged in the manufacture and sale of poultry feeds, and poultrymen's supplies, in the state of Massachusetts, and in the study, care, feeding, and raising of poultry, and during the years 1906, 1907, 1908, 1909, and finally in 1910, had issued books designated as "The Park & Pollard Year Book," "Year Book & Almanac," and "The Park & Pollard Company, Boston, Mass.," which had been copyrighted pursuant to law. The bill charges that the defendant Kellerstrass, engaged in the business of raising a like high class of chickens and pursuing methods for their care and cultivation in Jackson County, Mo., had, through the defendant Fidelity Printing Company, caused to be printed for him the book in 1909, "Exhibit E" of the complaint, entitled "The Kellerstrass Way of Raising Poultry," and in 1910 a book or pamphlet with like title, which the defendant Kellerstrass used for exploiting his business and for sale and distribution. The bill charges that said books or pamphlets so printed, published, and distributed by the defendants were and are an invasion and infringement of complainant's said copyright.

The defendant Kellerstrass on the hearing of the application for a temporary injunction presented his affidavit, in effect, admitting that the said book issued in 1909 contained matter constituting an invasion of the complainant's copyright, and that, on discovering the same, he ceased said publication or distribution or use of said book, and has destroyed all the copies thereof remaining undistributed, and that the plates for printing the same had been broken up or recast for other purposes, but denies that the "Exhibit E," printed, published, and distributed and used for the year 1910, in any wise constitutes an invasion or infringement of the complainant's said copyrighted book; and asserts that it is the sole intellectual production of the defendant Kellerstrass based upon his personal experience, observation, and original suggestion. In view, however, of the manifest piracy in his antecedent book of 1909 from the complainant's antecedent production, the conclusion is irresistible that in preparing and constructing his last book of 1910, even if he did not have the complainant's book present before him, its matter, arrangement, and suggestions were present in his mind.

While it is to be conceded to the defendants that there is much more in the book or pamphlet gotten up by them for the year 1910 that in no wise interferes with or appropriates the conceptions and suggestions contained in the complainant's book, yet a comparison of certain parts of the two books in question clearly demonstrates the fact that the author of the defendants' book has in some instances appropriated the language, ipissimis verbis, of the complainant's book, and in other instances has appropriated the thought and suggestions of the complainant after such a fashion as to leave little doubt that it was imitative, and with studied effort, by transposition and rearrangement, he has sought to conceal the fact of such imitation and appropriation.

While the restraining order can only apply to the portions of the book which constitute piracy or invasion of the complainant's copyright, and should only operate upon the forbidden matter, yet, as what is permissible and what is improper are so interwoven and combined in one and the same book that the defendant without elimination cannot use or employ what is his own without employing and using that which is not, he ought not at this juncture to exact of the court the task of such separation so as to relieve him therefrom. When he shall have made the proper, complete, erasures, he can then be heard as to a modification or restriction of the decree. In view of the statement made by the defendant Kellerstrass in his affidavit, presented on this hearing, that he has abandoned the publication, distribution, or use of the book, "Exhibit E," published in 1909, and that the type and matrices for printing the same have been destroyed, and therefore there is no injury therefrom threatened, the restraining order as to that is refused, but is granted as to "Exhibit F," the book published in the year 1910.

NOTE. See following authorities: Myers v. Callaghan (C. C.) 5 Fed. 726; Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547; Banks Law Pub. Co. v. Lawyers Co-Op., 169 Fed. 386–390, 94 C. C. A. 642; West Publishing Co. v. Edward Thompson Co. (C. C.) 169 Fed. 833–854; Drone on Copyrights, p. 385.